NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3183
_____

ALEX DANIEL RUIZ-DE LA CRUZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-742-107)
Immigration Judge:  Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013

Before: RENDELL, ALDISERT and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 28, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Petitioner, Alex Daniel Ruiz-De La Cruz, seeks review of the Board of

Immigration Appeals' (BIA or Board) order denying his untimely motion to reopen

removal proceedings.  For the reasons that follow, we will deny the petition for review.

Ruiz is a native and citizen of Guatemala who was admitted to the United States in 1995 as a non-immigrant visitor and overstayed his visa. In 2008, the Department of Homeland Security (DHS) charged him with removal under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States longer than permitted. Ruiz, represented by counsel, conceded removability as charged, but sought cancellation of removal under 8 U.S.C. § 1229b(b). Following a hearing, the Immigration Judge (IJ) denied Ruiz's application for cancellation on the ground that he had failed to show that his removal would result in "exceptional and extremely unusual hardship" to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). The BIA agreed with the IJ, and, by order entered December 4, 2009, dismissed the appeal. Ruiz subsequently petitioned this Court for review of the BIA's order, but we dismissed his petition for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(B). Ruiz-De La Cruz v. Att'y Gen., 423 F. App'x 219 (3d Cir. 2011) (non-precedential) (explaining that this Court lacks authority to review such discretionary agency decisions).

In December 2011, Ruiz filed a motion to reopen with the BIA. Ruiz claimed that the attorney who represented him during his removal proceedings had provided ineffective assistance by failing to adequately investigate his three year-old citizen son's medical needs in order to establish the requisite "exceptional and extremely unusual hardship" for cancellation of removal. Ruiz recognized that his motion to reopen was filed out of time, see 8 U.S.C. § 1229a(c)(7)(C)(i), but argued that the 90-day limitation

period should be equitably tolled because he "was unaware of the possibility of filing a motion to reopen until [he] consulted another attorney." (AR000017.) The BIA denied the motion on the ground that, even if it were timely, Ruiz would not be entitled to relief because he failed to establish that his attorney rendered ineffective assistance.[1] This petition for review followed.

## II.

We have jurisdiction to review the BIA's denial of Ruiz's motion to reopen pursuant to 8 U.S.C. § 1252(a). We review the BIA's decision denying a motion to reopen for an abuse of discretion, and will not disturb the decision unless it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted). An alien generally must file a motion to reopen with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). An alien seeking to equitably toll the limitation period based on ineffective assistance of counsel must demonstrate that he has exercised due diligence in raising the claim, and that prejudice resulted from counsel's alleged errors. Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005); Fadiga v. Att'y Gen., 488 F.3d 142, 159 (3d Cir. 2007).

---

[1] The BIA declined to exercise its authority to reopen the proceedings sua sponte. Ruiz does not challenge this ruling in his petition for review. Therefore, it has been waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). In any event, we lack jurisdiction to review it. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

We will deny the petition for review. In his motion to reopen, Ruiz argued that the filing deadline should be equitably tolled because, "[d]ue to ineffective assistance of counsel, [he] was unaware of the possibility of filing a motion to reopen . . . until [he] consulted another attorney" in 2011. (AR000017.) Importantly, however, Ruiz did not allege that he was prevented in some way from discovering former counsel's alleged errors, and there is no indication that those errors could not have been discovered well before 2011 had he pursued his case diligently. See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (explaining that due diligence must be exercised over the entire period for which tolling is desired, including the period during which the ineffectiveness should have been discovered). Furthermore, to the extent that Ruiz argued that counsel's alleged ineffectiveness in failing to inquire into his son's medical needs also provided a basis for tolling, we fail to see how the attorney's alleged misconduct in this regard prevented Ruiz from filing a motion on time.

Because Ruiz has failed to show that the BIA abused its discretion in determining that he was not entitled to equitable tolling of the limitation period for his motion to reopen, we need not reach his other arguments on appeal.

III.

For these reasons, we will deny the petition for review.